UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRD ROCK HOME MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL DAMIANO; MARGARET DAMIANO; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: 19cv2310-JAH (LL)<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S MOTION TO REMAND; AND**<br><br>**2. DENYING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** |

## **INTRODUCTION**

Plaintiff Bird Rock Home Mortgage, LLC, has filed a motion to remand this action to state court. (Doc. No. 3). After a careful review of the pleadings and for reasons set forth below, the Court (1) **REMANDS** the action to the California Superior Court for lack of subject matter jurisdiction; and (2) **DENIES** Defendants' motion to proceed *in forma pauperis* as moot.

//

//

1

# BACKGROUND

On October 4, 2019, Bird Rock Home Mortgage, LLC ("Plaintiff"), filed an unlawful detainer action against Daniel Damiano ("Defendant")[1], in the Superior Court of California, County of San Diego. (Doc. No. 1). Plaintiff is the owner of the property in question and alleged a cause of action pursuant to California Code of Civil Procedure § 1161. *Id.*

On December 4, 2019, Defendant, proceeding *pro se*, filed a notice of removal with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. Defendant claims this Court has federal question jurisdiction over the case pursuant to Plaintiff's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.13. (Doc. No. 1 p. 2).

On December 9, 2019, Plaintiff filed a Motion to Remand the case to San Diego County Superior Court for lack of both federal and diversity jurisdiction. (Doc. No. 3). In addition, Plaintiff indicates he may be filing a future motion for Attorneys' Fees. Defendant failed to file a response to Plaintiff's motion.

# DISCUSSION

A defendant in state court may properly remove an action to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(b). Original jurisdiction may be based on either diversity or federal question. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The federal court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93-94 (1998). The burden of establishing removal properly rests upon the removing party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1998). There is a strong presumption in favor of remand. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

---

[1] Defendant Margaret Damiano is deceased and is no longer a party to this action.

### A. Untimely Removal

As a general matter, a defendant may petition for removal of a civil action within thirty days of receipt of the initial complaint. *See* 28 U.S.C. § 1446(b). Defendant was served with the Summons and Complaint on October 10, 2019. (Doc. No. 3). This allowed Defendant until November 9, 2019, to file a notion of removal. However, Defendant did not file their removal pleadings until December 4, 2019, which is almost 30 days beyond the removal time period. (Doc. No. 1). Therefore, Defendant's removal is untimely.

### B. Federal Question

Federal question jurisdiction "'exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' [Citation omitted]." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Plaintiff's must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal-question jurisdiction pursuant to 28 U.S.C. §1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To properly invoke federal question jurisdiction, a federal law or regulation must be "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936). However, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127-28 (1974)). If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim under California Code of Civil Procedure § 1161. *See* Doc. No. 1. In the notice of removal, Defendant assert that Plaintiff violated the Real Estate Settlement Procedures Act ("RESPA"). *See Id.* at 2. But this does not confer federal jurisdiction as the original state court complaint asserts a single unlawful detainer claim. *See Id.* at 9. Defendant cannot create federal jurisdiction through an actual or anticipated defense.

*Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10 (1983). Furthermore, Plaintiff's potential violation of RESPA is not a substantial question of federal law that hinges on Plaintiff's entitlement to relief on the unlawful detainer claim. In addition, federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). As such, the Court cannot entertain Defendant's RESPA argument on the basis of federal question jurisdiction.

### C. Diversity Jurisdiction

Federal district courts have diversity jurisdiction over cases in which the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, both parties are citizens of California. Plaintiff is incorporated in California and is therefore, a citizen of California. Defendant is a citizen of California as the property in question in which Defendant resides in is located in the State of California. *See* Doc. No. 1. Plaintiff correctly asserts that a Defendant that is a citizen of the forum state cannot remove a case based upon diversity jurisdiction. (Doc. 3-1, p. 7; 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche,* 546 U.S. 81, 83 (2005)). In addition, the amount in controversy is not satisfied. In an unlawful detainer action, damages are calculated based upon the right to possession-rather than title. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322 at *2 (N.D. Cal. Jan. 21, 2011). Here, Plaintiff's damages are accumulating at a rate of $119.83 per day beginning on October 4, 2019, (totaling approximately $14,139.94 to date). Accordingly, the damages sought in Plaintiff's complaint do not satisfy the requisite $75,000 threshold amount. Therefore, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a).

### D. Attorney's Fees

In circumstances where defendant's removal of the action is objectively unreasonable, the Court may award attorney's fees under §1447(c). *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005). A district court maintains jurisdiction after remand to enter an award of fees and costs under 1447(c). *See Moore v. Permanente Med. Group*, 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is

a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.").

As reflected above, Defendant has no objectively reasonable basis for seeking removal. Defendant has failed to establish this Court's jurisdiction on the basis of federal question or diversity. Furthermore, Defendant's removal on the eve of trial warrants attorney's fees for an abuse of the removal process by delaying the state court proceeding.

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand is **GRANTED**;
2. The Clerk of Court shall remand the action to the Superior Court of California, County of San Diego**;**
3. Petitioner's request to proceed *in forma pauperis* is **DENIED** as **MOOT**.
4. Plaintiff shall file supplemental briefing by **February 10, 2020** detailing actual expenses, costs and fees incurred as a result of removal by Defendant;
5. Defendant may respond to Plaintiff's supplemental brief by **February 18, 2020**.

DATED: January 30, 2020

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE